UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODNEY GARROTT,

    Plaintiff,

v.

MICHAEL LEFRANCIS, et al.,

    Defendants.

CASE NO. C07-131RSM

ORDER ON RENEWED MOTION FOR SUMMARY JUDGMENT

This matter is again before the Court for a ruling on defendants' renewed motion for summary judgment. Dkt. # 66. In this motion, defendants raise for the first time (apart from their Answer) the issue of exhaustion of administrative remedies. On January 19, 2010, the Court directed the parties to brief this issue, as the record, was at that time, incomplete. The parties have responded and the matter is now ready for consideration. For the reasons set forth below, the Court finds that plaintiff has failed to meet the exhaustion requirement, and the complaint must be dismissed without prejudice.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Rodney Garrott, originally appearing *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 to allege that he was subjected to excessive force by a corrections officer on July 22, 2005, while he was a pre-trial detainee at King County Correctional Facility. He named several corrections officers, as well as King County, as defendants in the action. Defendants filed an earlier motion for summary judgment addressing the merits of the action against the individual officers, and

ORDER - 1

contending that Corrections Officer LeFrancis, who was actually escorting plaintiff at the time of this incident, had not used excessive force in restraining him. Dkt. # 24. The question of exhaustion was not raised at that time. The Magistrate Judge to whom the matter was referred recommended that summary judgment should be denied as to Officer LeFrancis and King County, but granted as to the two other individuals. Report and Recommendation, Dkt. # 33. The Court adopted the Report and Recommendation over defendants' objections. Dkt. # 47.

Following dismissal of the two individual defendants, the Court appointed counsel from the *pro bono* panel to assist plaintiff in preparing the matter for trial. A trial date was set, with new deadlines for discovery and dispositive motions. Dkt. # 48. The trial date and all associated dates have been continued several times. Dkt. ## 57, 60, 63. Trial is now set for March 8, 2010.

In defendants' renewed motion for summary judgment, they assert several bases for dismissal, but the question of exhaustion must be decided before the Court can reach the merits of the other arguments. The Court earlier found that exhaustion was properly pled as an affirmative defense in the Answer, and defendants did not waive the defense by failing to raise it in their first summary judgment motion. Order, Dkt. # 74.

## ANALYSIS

### a. Legal standard

Summary judgment should be rendered "if the pleadings, discovery and disclosure material on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The evidence is viewed in the light most favorable to the non-moving party. *Id*. "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F. 3d 1216, 1221 (9th Cir. 1995). It should also be granted where there is a "complete failure of proof concerning an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The mere existence

ORDER - 2

of a scintilla of evidence in support of the non-moving party's position is not sufficient" to prevent summary judgment. *Triton Energy Corp.*, 68 F. 3d at 1221.

### b. Analysis---Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") created a requirement that prisoners exhaust administrative remedies within the prison grievance system before filing a civil rights lawsuit regarding prison conditions. This exhaustion requirement is set forth as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a). The Supreme Court has held that compliance with this provision is not "left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The requisite exhaustion is "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91. The exhaustion requirement applies even where the relief sought---monetary damages---cannot be granted by the administrative process. *Id.* at 85 (citing *Booth v. Churner*, 532 U.S. 731, 734 (2001)). The PLRA applies to pretrial detainees. 42 U.S.C. § 1997e(h) (defining "prisoner" to be "any person ... detained in any facility who is accused of ... violations of criminal law").

Section 1997e(a) requires complete exhaustion through any available process. See *Porter v. Nussle* 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted."). Section 1997e(a) also requires proper exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process. *Id*. at 93-95. If administrative remedies have not been exhausted at the time an action is brought, it must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002) (per curiam).

Failure to satisfy the PLRA exhaustion requirement is an affirmative defense as to which the defendant has the burden of proof. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003). In deciding a

ORDER - 3

motion to dismiss for failure to exhaust, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120. Here, although the pending motion is one for summary judgment rather than a Rule 12 motion to dismiss, the same standards and burden of proof apply.

Defendants have filed a declaration and exhibits containing the records from plaintiff's period of confinement at the King County Jail during the relevant time period. Declaration of Bruce Reeder, Dkt. # 76. The record includes copies of several grievances filed by plaintiff, but none of these addresses the incident at issue here. *Id.*, Exhibit B, C, D, E. These grievances span the period from March 16, 2005 to April 13, 2006, thus bracketing the date of the incident. *Id.* Defendants assert that these grievances demonstrate that plaintiff was familiar with the grievance system and knew how to follow the procedure. Defendants have also filed a declaration by an administrative specialist at the King County Correctional Facility who searched the grievance logs both by computer and by hand (for the paper records), and found no grievance filed by plaintiff related to this incident. Declaration of Jerod Seiber, Dkt. # 78, ¶¶ 7-10. He found a record of the infraction plaintiff received for his actions on July 22, 2005, but no grievance related to Officer LeFrancis' actions. *Id.*

Plaintiff's supplemental memorandum argues that he did properly exhaust administrative remedies, because he filed an initial grievance on the matter. Plaintiff filed with his supplemental memorandum a declaration stating, under penalty of perjury, that "I filed a King County Jail grievance in attempt at redress and exhaust [sic] state remedies. This effort was futile, as I received no response." Declaration of Rodney Garrott, Dkt. # 79, Exhibit A.

According to defendants, an inmate has fourteen days from the date of the incident to submit a grievance. Grievances alleging any type of gross misconduct by staff are immediately forwarded to the supervisor and prioritized for immediate review. Declaration of Bruce Reeder, Dkt. # 76, ¶¶ 9, 10. Given this immediate review provision, when plaintiff received no response to his grievance, he would still have time within the fourteen days to file another one. Plaintiff does not assert that he made another attempt at filing a grievance, or tried in any way to appeal the lack of response.

ORDER - 4

1 | Plaintiff's conclusion that further efforts at exhaustion would be futile does not excuse the exhaustion requirement. *See Booth*, 532 U.S. at 741 n. 6 (stating courts should not read "futility or other exceptions" into § 1997e(a)). Rather, § 1997e(a) requires that plaintiff present his claims to each level of administrative review set forth above before raising those claims in a § 1983 complaint in federal court. It is clear from the parties' supplemental memoranda and exhibits that plaintiff did not pursue all levels of administrative grievances available to him. As there is no applicable exception to the exhaustion requirement, dismissal without prejudice is appropriate.

CONCLUSION

Defendants have met their burden of showing that plaintiff did not properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). As explained above, plaintiff's declaration fails to rebut defendants' proof. Defendants' motion for summary judgment on the exhaustion issue (Dkt. # 66) is accordingly GRANTED, and the complaint is DISMISSED without prejudice for failure to exhaust.

This case could and should have been resolved on the basis of exhaustion over two years ago. As noted in the Court's earlier Order directing supplemental briefing on the exhaustion question, an unenumerated Rule 12(b) motion is an appropriate vehicle for raising this defense. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003). Had such motion been brought in mid-2007, the Court and the parties would have been spared an unnecessary expenditure of resources on this action, including the scarce resources of the *pro bono* panel. The Court wishes to thank plaintiff's *pro bono* counsel for his diligent effort in this matter.

The Clerk shall close the file, and shall indicate on the docket that counsel's representation of plaintiff is now terminated. The Clerk shall then send a copy of this Order to the plaintiff at his address of record.

Dated this 18th day of February, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 5